IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

    Plaintiff,

v.                                          Civil Action No. 5:10CV106
                                                             (STAMP)

SHANNON MARKLE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO VACATE DEFAULT JUDGMENT [SIC]**

I.   Background

On October 4, 2010, the pro se[1] plaintiff, who was an inmate at the Central Regional Jail in Sutton, West Virginia, filed a complaint in the United States District Court for the Southern District of West Virginia. United States Magistrate Judge Mary E. Stanley later issued an order transferring the case to this Court. The complaint names certain employees of the Central Regional Jail as defendants and asserts multiple § 1983 claims based on alleged violations of the plaintiff's Eighth Amendment rights. On March 18, 2011, United States Magistrate Judge David J. Joel issued an order to answer, instructing the Clerk to issue twenty-one (21) day summonses for the defendants. Additionally, Magistrate Judge Joel directed the United States Marshals Service to effect service upon the defendants. The summonses were returned executed as to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

defendants Shannon Markle, Officer Skidmore, and Officer Stancoti.[2] Despite having been served with the summons and the complaint, defendants Skidmore and Stancoti failed to plead or otherwise defend. Defendant Markle, however, filed a motion to dismiss on April 18, 2011.

On May 31, 2011, the plaintiff filed a request to the Clerk for entry of default pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as well as an affidavit. On June 15, 2011, this Court entered an order directing the Clerk to enter default against defendants Skidmore and Stancoti. Default was entered that same day. Then, on June 17, 2011, defendants Skidmore and Stancoti filed a motion to vacate the default judgment, in which they argue that their failure to respond was inadvertent.[3] The plaintiff did not file a response to the motion to vacate the default judgment.

## II. Applicable Law

Federal Rule of Civil Procedure 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In the present case, a default judgment has not yet been entered.

---

[2]The United States Marshals Service was unable to execute service upon defendant Long.

[3]This Court highlights the distinction between default and default judgment. In this case, the Court entered default against defendants Stancoti and Skidmore, not default judgment. Therefore, this Court treats the defendants' motion as a motion to set aside the entry of default, despite the fact that it is titled "motion to vacate default judgment."

Therefore, this Court must evaluate the defendant's motion under the "good cause" standard of Rule 55(c) rather than the more rigorous standard of Rule 60(b).

The United States Court of Appeals for the Fourth Circuit has held that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Morandi, 673 F.2d 725, 727 (4th Cir. 1982); see also Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006) ("When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."). "Whether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly." Id. In order to establish a meritorious defense, the defaulting party need only present evidence which, if believed, would permit either the Court of the jury to find for the defaulting party. Id. (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n. 8 (4th Cir. 1974)).

Justice "demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." Id. at 728. Further, Rule 55(c) motions must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)).

### III. Discussion

In support of their motion to vacate the entry of default, defendants Skidmore and Stancoti argue: (1) their failure to respond to the plaintiff's complaint was inadvertent – the general counsel for the West Virginia Regional Jail accidentally failed to include them in defendant Markle's motion to dismiss; (2) the plaintiff will not be prejudiced in any way should the Court vacate the entry of default; and (3) they have multiple meritorious defenses to the complaint.

In deciding whether good cause exists to set aside the entry of default against defendants Skidmore and Stancoti, this Court considers the factors set forth in Morandi and Payne. First, this Court finds that the defendants have taken "reasonably prompt action" in seeking to set aside the entry of default. Default was entered against defendants Stancoti and Skidmore on June 15, 2011, and these defendants filed their motion to vacate the entry of

4

default two days later.  This prompt filing, combined with the fact that the proceedings in this case are still in the early stages, causes this Court to find that the defendants have acted with reasonable diligence.

Second, this Court must determine whether the defendants have established a meritorious defense.  The defendants contend that due to a miscommunication, the attorney for the West Virginia Regional Jail inadvertently failed to file a responsive pleading on behalf of Officer Skidmore and Officer Stancoti.  According to the defendants, there is no evidence that they, or their counsel, acted in any manner other than accidentally.  The defendants also contend that they have multiple meritorious defenses to the plaintiff's complaint, including failure to exhaust administrative remedies and qualified immunity.

This Court agrees that there is no evidence that the defendants acted intentionally or deviously in failing to respond to the complaint.  Further, there is no history of delay on the part of these defendants in this case, other than their failure to respond to the complaint. Construing the defendants' motion liberally in accordance with Rule 55(c), this Court finds that the default was not willful and that the defendants have presented a meritorious defense.

Finally, this Court addresses the possibility of prejudice. Because the defendants filed the motion to vacate the entry of

default two days after default was entered, it is unlikely that the plaintiff could have taken any action during that time that would result in prejudice should this Court vacate the entry of default. However, refusing to set aside the entry of default would prejudice defendants Skidmore and Stancoti by preventing them from presenting their defenses to the plaintiff's claims. Therefore, this Court finds that good cause exists to set aside the entry of default against Officer Skidmore and Officer Stancoti.

## IV. Conclusion

For the reasons stated above, the defendants' motion to vacate default judgment [sic] is GRANTED. Further, defendants Skidmore and Stancoti are DIRECTED to respond to the complaint by **July 22, 2011**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: July 7, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE