IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

    Plaintiff,

v.                                  Civil Action No. 5:10CV106
                                              (STAMP)

SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI and
OFFICER SKIDMORE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING ORDER OF MAGISTRATE JUDGE**
**DENYING MOTION FOR LEAVE TO FILE DISCOVERY,**
**GRANTING MOTION FOR AN EXTENSION OF TIME**
**AND DISMISSING MOTION TO STAY**

I.    Background

On October 4, 2010, the pro se[1] plaintiff initiated this case by filing a civil rights complaint in the United District Court for the Southern District of West Virginia. Because the complaint centered around an alleged assault that took place at the Central Regional Jail in Sutton, West Virginia, the case was transferred to this Court on October 13, 2010. On March 18, 2011, United States Magistrate Judge David J. Joel completed an initial screening of this matter and determined that summary dismissal was not appropriate at that time. On August 16, 2011, the plaintiff filed a motion for leave to file discovery, a motion requesting an

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

extension of time, and a motion requesting the Court to stay the defendants' motions for summary judgment and motions to dismiss.[2]

On September 15, 2011, the magistrate judge issued an order denying the plaintiff's motion for leave to file discovery, granting the motion for an extension of time, and dismissing the motion to stay as moot. The magistrate judge found that the plaintiff failed to demonstrate that there is any discoverable evidence beyond that which has already been tendered to him.

On October 3, 2011, the plaintiff filed an objection to the magistrate judge's order. The plaintiff argues that this Court should allow him to undertake partial discovery because he needs a complete description of the inmate grievance form that he supposedly failed to fill out. The plaintiff also seeks additional information regarding the administrative exhaustion requirements of the Prison Litigation Reform Act ("PLRA").

The defendants filed a response to the plaintiff's objection on October 17, 2011, in which they argue: (1) the plaintiff has failed to describe any legitimate need to conduct discovery prior to the Court's ruling on the defendants' dispositive motions; (2) the plaintiff's arguments based on West Virginia Code § 25-1A-2 are inapplicable in this matter; and (3) the plaintiff's allegations regarding the "interception" of his grievances appear contrived and furthermore do not necessitate a need for discovery in this matter.

---

[2]On April 28, 2011, defendant Markle filed a motion to dismiss. On July 22, 2011, defendants Skidmore and Stancoti filed a motion for summary judgment.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

In his objection, the plaintiff requests that this Court set aside the magistrate judge's order denying his motions and allow him to conduct partial discovery. In support of this request, the plaintiff argues that his grievance records are incomplete. The plaintiff further states that he needs additional time to research the inmate grievance procedure. Specifically, the plaintiff intends to seek information regarding the availability of administrative remedies, as well as information regarding his utilization of these administrative remedies. The plaintiff also seems to assert that he was not required to exhaust the administrative remedies available to him. Finally, the plaintiff

3

alleges that he needs leave to file discovery in order to demonstrate that his grievances were unanswered, ignored, and/or intercepted.

As the magistrate judge noted, the plaintiff has already been provided with an affidavit from John King, II, Chief of Operations for the West Virginia Regional Jail & Correctional Facility Authority, which specifically outlines the grievance and appeal procedure which was available to the plaintiff. Moreover, the affidavit clearly indicates that the plaintiff has not fully availed himself of the grievance process. This Court agrees that because the plaintiff has not demonstrated that there is any discoverable evidence beyond that which has already been tendered to him, his motion for leave to file discovery must be denied.

IV. Conclusion

Because the magistrate judge's determinations on the plaintiff's motions are not clearly erroneous or contrary to law, the plaintiff's objection to the magistrate judge's order is OVERRULED. This Court AFFIRMS the decision of the magistrate judge DENYING the motion for leave to file discovery, GRANTING the motion for an extension of time, and DISMISSING the motion to stay as moot.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to the pro se plaintiff by certified mail.

4

DATED:      October 18, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE