IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

       Plaintiff,

v.                                  Civil Action No. 5:10CV106
                                             (STAMP)
SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI, OFFICER SKIDMORE
and JOHN DOE MEDICAL EMPLOYEE,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>DENYING MOTION FOR RECONSIDERATION,</u>**
**<u>DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL,</u>**
**<u>DENYING MOTION FOR APPOINTMENT OF COUNSEL,</u>**
**<u>GRANTING AS FRAMED MOTION FOR EXTENSION</u>**
**<u>OF TIME TO FILE INTERROGATORIES,</u>**
**<u>DENYING LETTER MOTION TO RULE ON PENDING MOTIONS,</u>**
**<u>GRANTING MOTION FOR EXTENSION OF DEADLINES,</u>**
**<u>DENYING MOTION FOR PHYSICAL EXAMINATION,</u>**
**<u>DENYING MOTION FOR EXTENSION OF TIME TO FILE INTERROGATORIES,</u>**
**<u>DENYING MOTION FOR APPOINTMENT OF COUNSEL,</u>**
**<u>DENYING MOTION FOR SUMMARY JUDGMENT,</u>**
**<u>DENYING MOTION FOR EXTENSION OF TIME TO</u>**
**<u>FILE RESPONSE TO SUMMARY JUDGMENT MOTION,</u>**
**<u>GRANTING MOTION TO CONTINUE TRIAL</u>**
**<u>AND DENYING MOTIONS IN LIMINE</u>**

I.  <u>Background</u>

The plaintiff, Richard E. Kartman, filed a civil rights action

pursuant to 42 U.S.C. § 1983 in the United States District Court

for the Southern District of West Virginia. The complaint names

certain employees of the Central Regional Jail in Sutton, West

Virginia as defendants and asserts multiple claims based on alleged

violations of the plaintiff's Eighth Amendment rights.

Specifically, the plaintiff claims that he was assaulted by other

inmates at the Central Regional Jail and that the defendants were deliberately indifferent to a threat to his physical safety.  The case was later transferred to this district.

On April 18, 2011, defendant Shannon Markle filed a motion to dismiss.  On May 31, 2011, because Officers Skidmore and Stancoti failed to plead or otherwise defend against the complaint, the plaintiff filed a request for entry of default against them.  On June 15, 2011, this Court issued an order directing the Clerk to enter default against defendants Skidmore and Stancoti. Subsequently, defendants Skidmore and Stancoti filed a motion to vacate the default, arguing that their failure to respond to the plaintiff's complaint was inadvertent.  On July 7, 2011, this Court granted the motion to vacate default.

Thereafter, on July 22, 2011, defendants Skidmore and Stancoti filed a motion for summary judgment.  On October 21, 2011, the plaintiff filed a response in opposition to defendant Markle's motion to dismiss.  Also on October 21, 2011, the plaintiff filed a response in opposition to defendants Skidmore and Stancoti's motion for summary judgment.  On November 4, 2011, the defendants filed a reply in support of their motion for summary judgment and motion to dismiss.  The plaintiff then filed a sur-reply.[1]

_____

[1]The docket sheet indicates that the summons and the complaint were never served upon Officer Long.  ECF Nos. 24; 31.  The April 25, 2011 process receipt and return states that Officer Gary Long is no longer employed with the WVRJA and has no forwarding address. ECF No. 31.

On August 16, 2011, the plaintiff filed a motion for leave to file discovery and a declaration in support of this motion. The defendants filed a response to the motion for leave to file discovery on August 31, 2011. The magistrate judge denied the plaintiff's motion for leave to file discovery, finding that the plaintiff had not demonstrated that there is any discoverable evidence beyond that which has already been tendered to him. The plaintiff filed objections to the magistrate judge's order, arguing that he needed a complete description of the inmate grievance procedure he supposedly failed to exhaust. This Court affirmed the order of the magistrate judge denying the motion for leave to file discovery on October 18, 2011.

On January 10, 2012, United States Magistrate Judge David J. Joel issued a report and recommendation recommending that defendant Markle's motion to dismiss be granted, that defendants Skidmore and Stancoti's motion for summary judgment be granted, that the claims against defendant Long be dismissed without prejudice, that the claims against defendant Doe be dismissed with prejudice, and that the plaintiff's complaint be dismissed. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's report and recommendation.

On January 20, 2012, the plaintiff filed a letter motion requesting an extension of time to file objections to the report and recommendation.  This Court granted that motion on January 20, 2012, extending the deadline for objections to February 28, 2012. On March 5, 2012, the plaintiff filed untimely objections to the report and recommendation.

This Court thereafter, reviewed the magistrate judge's report and recommendation, which it granted in part and denied in part. First, this Court declined to adopt and affirm the magistrate judge's report and recommendation regarding defendant Markle.  The magistrate judge in his report and recommendation found that the plaintiff did not exhaust his administrative remedies as is required by Prisoner Litigation Reform Act ("PLRA") because he did not produce evidence showing he complied with the administrative grievance process provided by the West Virginia Regional Jail and Correctional Facility Authority.  The plaintiff objected to this finding by providing this Court with grievances that he allegedly filed against defendant Markle.  This Court reviewed this evidence de novo, and found that although it could not be sure of the authenticity of the evidence, the evidence at least suggested that the plaintiff attempted to exhaust his administrative remedies. Therefore, it could not affirm and adopt the magistrate judge's recommendation regarding defendant Markle.

4

Second, this Court affirmed and adopted the magistrate judge's report and recommendation regarding defendants Stancoti and Skidmore. This Court found that Officers Stancoti and Skidmore were entitled to qualified immunity because the plaintiff failed to state a deprivation of a constitutional right. This Court did review the plaintiff's objections; however, the objections did not alter this Court's determination. This Court then reviewed whether defendant Markle was entitled to qualified immunity <u>de novo</u>, as this issue was not addressed in the magistrate judge's report and recommendation because the magistrate judge found first that plaintiff failed to exhaust his administrative remedies against defendant Markle. Based on the evidence including the grievances included in plaintiff's objections, this Court found that defendant Markle was not entitled to qualified immunity at this point.

Third, this Court affirmed and adopted the magistrate judge's report and recommendation dismissing without prejudice the claims against defendant Long because the plaintiff failed to provide sufficient information about the defendant in order to serve him. Lastly, this Court affirmed and adopted the magistrate judge's report and recommendation dismissing with prejudice the last defendant, "John Doe," because the plaintiff failed to allege a cause of action against him and the defendant was not served. Therefore, this case is to proceed only as to the claims against defendant Shannon Markle.

After this Court entered its order regarding the magistrate judge's report and recommendation, the plaintiff filed a motion for reconsideration under Rule 59(e).  ECF No. 106.  Within this motion, the plaintiff argues that this Court should reconsider his objections to the magistrate judge's report and recommendation, as he timely filed these objections.  The plaintiff argues that he took his mail to the institutional post office on the date the objections were due, but the institutional post office mishandled his mail, and thus that is why the objections were not considered timely.  The defendants did not respond the plaintiff's motion for reconsideration.

Thereafter, the plaintiff filed the following motions requesting various relief from this Court: (1) motion for extension of time to file a notice of appeal (ECF No. 107); (2) motion for appointment of counsel (ECF No. 108); (3) motion for extension of time to answer interrogatories (ECF No. 110); (4) motion to rule on pending motions (ECF No. 115); (5) motion for extension of time for deadlines in scheduling order (ECF No. 120); (6) motion requesting an order for physical examination (ECF No. 124); (7) motion for an extension of time to answer interrogatories (ECF No. 126); (8) motion for appointment of counsel (ECF No. 127); and (9) motion to continue trial.  Defendant Markle, the only remaining defendant, did not respond to any of the plaintiff's motions.

6

Defendant Markle filed a second motion for summary judgment on August 27, 2010.  In this motion, Markle argues: (1) the lack of evidence produced by the plaintiff clearly demonstrates that no claim is viable against defendant Markle; (2) plaintiff did fail to exhaust administrative remedies as to the defendant; and (3) plaintiff's claim is based on respondeat superior liability and thus must be dismissed as a matter of law.  Plaintiff thereafter filed a motion for an extension of time to respond to this motion for summary judgment.

On October 4, 2012, the defendant filed seven motions in limine.  The defendant in the first motion seeks to preclude the introduction of any evidence that plaintiff was injured or damaged as a result of defendant's action or inaction.  The second motion seeks to preclude the plaintiff from calling any expert witnesses or eliciting any expert testimony at trial.  The third motion seeks to prohibit the plaintiff from making any "golden rule arguments." The fourth motion seeks to prevent plaintiff's counsel from suggesting specific sums of money not supported by the evidence and suggesting a dollar figure for intangible elements of an award.  In the fifth motion, the defendant seeks to prohibit either party from requesting stipulations or to share evidence in the presence of the jury.  The sixth motion seeks to preclude the plaintiff from testifying regarding any first hand knowledge that the defendant received any grievance or other correspondence regarding the

plaintiff's safety.   The last motion requests that this Court proffer to the jury a special interrogatory asking the jury to set forth special or liquidated damages for the purpose of attaching prejudgment interest if necessary.

For the reasons set forth below, this Court denies plaintiff's motion for reconsideration, denies plaintiff's motion for extension of time to file appeal, denies plaintiff's motion for appointment of counsel, grants as framed plaintiff's motion for extension of time to file interrogatories, denies plaintiff's letter motion to rule on pending motions, grants plaintiff's motion for extension of deadlines, denies plaintiff's motion for physical examination, denies plaintiff's motion for extension of time to file interrogatories, denies defendant's second motion for summary judgment, denies plaintiff's motion for an extension to respond to defendant's second summary judgment motion, grants plaintiff's motion to continue the trial, and denies defendant's motions in limine.

## II.  <u>Discussion</u>

### A.  <u>Plaintiff's Motion for Reconsideration</u>

The plaintiff filed his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

8

available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  _Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co._, 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  _Id._  A Rule 59(e) motion may not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly.  _Id._  It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly."  _Above the Belt, Inc. v. Mel Bohannan Roofing, Inc._, 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this instance, plaintiff claims this Court's determination that he untimely filed objections was in error.  Therefore, he states that this Court should review his objections to the magistrate judge's findings regarding Officers Stancoti and Skidmore _de novo_.  Without determination of whether the plaintiff's objections were in fact timely, this Court finds that even based on a _de novo_ review of the defendant's objections, which it has now conducted, this Court still would have affirmed and adopted the magistrate judge's report and recommendation concerning defendants Stancoti and Skidmore.  Therefore, the plaintiff's motion for reconsideration is denied.

B.   <u>Motion for Extension to File a Notice of Appeal</u>

Plaintiff's next motion is a motion for an extension to file an appeal.  In this motion, the plaintiff requests that his time to file a notice of appeal regarding this Court's decision be extended thirty days.  This Court denies this motion.  The plaintiff filed this motion on April 16, 2012, a week after he filed his motion for reconsideration under Rule 59(e).  According to Federal Rule of Appellate Procedure 4(a)(4), "the time to file an appeal runs for all parties from the entry of an order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 59."  Thus, the plaintiff's time to file an appeal does not begin until this order is entered that disposes of plaintiff's Rule 59(e) motion.  This Court believes therefore, that the plaintiff has had substantial time to file a notice of appeal and an extension need not be granted.[2]

C.   <u>Motion for Appointment of Counsel</u>

The plaintiff's next motion is a motion for appointment of counsel.  The plaintiff argues that this Court should appoint him counsel because of the factual complexity of his case, his inability to investigate the facts due to his imprisonment, the existence of conflicting testimony, his limited ability to present

_____

[2]Although it is unclear which order of this Court the plaintiff is appealing, this Court believes plaintiff is referring its order affirming and adopting in part and denying to affirm and adopt in part the magistrate judge's report and recommendation, ECF No. 98.

his claim, the legal complexity of the case, and because he has a meritorious case.  As of October 2, 2012, however, plaintiff has retained counsel as evidenced by counsel's notice of appearance. ECF No. 142.  Therefore, this Court denies plaintiff's motion as moot.

D.  <u>Motion for Extension of Time to Answer Interrogatories</u>

The plaintiff then filed a motion for extension of time to answer interrogatories.[3]  The defendant requests that this Court order that the interrogatories need not be answered until discovery is completed or until a pretrial conference has been had, or some other time.  The plaintiff makes this request for various reasons including, that he is not a trained attorney, that he has limited access to the law library, and that he is a full-time student.  For good cause shown, the plaintiff's motion for an extension of time is granted as framed.  The plaintiff has 30 days from receipt of this order to respond to all of the defendant's outstanding discovery requests.[4]

---

[3]Although the plaintiff's motion only requests an extension for interrogatories, this Court believes the plaintiff, who was a <u>pro se</u> plaintiff at the time of that filing, was referring to all of the outstanding discovery requests from defendant at that time, which includes requests for admissions, interrogatories, and requests for productions of documents.

[4]On October 2, 2012, plaintiff filed answers to certain interrogatories.  To the extent that additional discovery responses are due, they should be made within 30 days of the entry of this order.

E.   <u>Motion to Rule on Pending Motions</u>

The plaintiff's next motion is a letter motion to appoint counsel and rule on pending motions.  In this motion, plaintiff requests that this Court rule on all pending motions filed by the plaintiff between April 9, 2012 and April 23, 2012.  The plaintiff specifically notes that he would like this Court to grant his motion to appoint counsel.  This Court denies this motion as moot, as this Court ruled above on the pending motions referred to by the plaintiff in this motion.

F.   <u>Motion for Extension of Time of the Court's Scheduling Order</u>

The plaintiff filed a motion for extension of time of this Court's scheduling order.  Specifically, plaintiff requests this court extend the deadline for expert disclosures and examinations. The plaintiff requests this extension due to his transfer to a different correctional facility, his limited access to the law library, and his inability to interpret or analyze evidentiary and procedural rules without consultation.  When the plaintiff filed this motion, the time for expert disclosures and examinations had passed.  For good cause shown, however, this Court grants the plaintiff's motion for an extension of the scheduling order.  The motion is granted as framed by the scheduling order that shall follow the entry of this order.

12

G.   <u>Motion Requesting an Order for Physical Examination</u>

Plaintiff's next motion requests this Court to order a physical examination for the plaintiff.  The plaintiff specifically requests that this examination be performed by a doctor that specializes in an area of medicine to appropriately and accurately assess the degree of exacerbation of his prior back injury.  He also requests that this doctor should be independent from any affiliation or connection with the defendants or their employers. The plaintiff has failed to show at this time good cause for granting this motion and ordering a physical examination of himself at this time.  This Court denies this motion but without prejudice to plaintiff by counsel obtaining a medical report from any health care practitioner he may select at plaintiff's own expense.

H.   <u>Motion for an Extension of Time to Answer Interrogatories</u>

The plaintiff's second motion for an extension of time to answer interrogatories mirrors plaintiff's first motion on this issue.  Due to this Court's granting the plaintiff's motion for an extension of time to file answers to interrogatories above in Section II.D. <u>supra</u>, this motion is denied as moot.

I.   <u>Motion for Appointment of Counsel</u>

The plaintiff's second motion for appointment of counsel mirrors plaintiff's first motion for appointment of counsel.  As stated above, the plaintiff has retained counsel as of October 2,

2012.  Thus, this Court also denies plaintiff's second motion for appointment of counsel as moot.

J.   <u>Defendant's Second Motion for Summary Judgment</u>

Defendant Markle filed a second motion for summary judgment in this action.  The defendant makes three arguments as to why this Court should grant summary judgment.  These arguments are: (1) the lack of evidence produced by the plaintiff clearly demonstrates that no claim is viable against defendant Markle; (2) plaintiff did fail to exhaust administrative remedies as to the defendant; and (3) plaintiff's claim is based on respondeat superior liability and thus must be dismissed as a matter of law.  All three arguments stem from the plaintiff's failure to comply with discovery requests.  Due to this Court granting the plaintiff's motion for an extension to file answers to defendant's interrogatories, this Court denies defendant's motion for summary judgment without prejudice to refiling under the scheduling order to be entered separately.

K.   <u>Plaintiff's Motion for an Extension to Answer Defendant's Second Motion for Summary Judgment</u>

The plaintiff requested that this court grant him an extension to file a response to defendant's second motion for summary judgment.  Specifically, plaintiff requested that he have until October 12, 2012 to file a response.  Plaintiff, however, filed a response to the defendant's second motion for summary judgment on

14

October 3, 2012.  Therefore, plaintiff's motion for an extension to file a response is denied as moot.

L.   <u>Plaintiff's Motion to Continue Trial</u>

The plaintiff requests that this Court grant his motion to continue trial.  In this motion, plaintiff contends that his newly retained counsel has not yet had a chance to investigate the facts or prepare for trial.  For good cause shown, this Court grants the plaintiff's motion to continue trial and vacates generally the current trial date.

M.   <u>Defendant's Motions in Limine</u>

The most recent motions filed in this action are defendant's motions in limine.  Due to this Courts above decision to continue the trial and vacate generally the current trial date, defendant's motions in limine are denied without prejudice to refiling in accordance with a future scheduling order issued by this Court.

III.   <u>Conclusion</u>

For the above stated reasons, plaintiff's motion for reconsideration is DENIED (ECF No. 106), plaintiff's motion for extension of time to file appeal is DENIED (ECF No. 107), plaintiff's motions for appointment of counsel are DENIED (ECF Nos. 108 and 127), plaintiff's motion for extension of time to file interrogatories is GRANTED AS FRAMED (ECF No. 110), plaintiff's letter motion to rule on pending motions is DENIED (ECF No. 115), plaintiff's motion for extension of deadlines is GRANTED (ECF NO.

120), plaintiff's motion for physical examination is DENIED (ECF No. 124), plaintiff's motion for extension of time to file interrogatories is DENIED (ECF No. 126), defendant's second motion for summary judgment is DENIED (ECF No. 132), plaintiff's motion for an extension to respond to defendant's second summary judgment motion is DENIED (ECF No. 137), plaintiff's motion to continue trial is GRANTED (ECF No. 143), and defendant's motions in limine are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    October 5, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

16