IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

       Plaintiff,

v.                               Civil Action No. 5:10CV106
                                      (STAMP)

SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI, OFFICER SKIDMORE
and JOHN DOE MEDICAL EMPLOYEE,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Background[1]

The plaintiff, Richard E. Kartman, filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia. The complaint names certain employees of the Central Regional Jail in Sutton, West Virginia as defendants and asserts multiple claims based on alleged violations of the plaintiff's Eighth Amendment rights. Specifically, the plaintiff claims that he was assaulted by other inmates at the Central Regional Jail and that the defendants were deliberately indifferent to a threat to his physical safety. The case was later transferred to this district.

Thereafter, defendant Shannon Markle ("Markle") filed a motion to dismiss and defendants Officer Stancoti ("Stancoti") and Officer

---

[1]For a more detailed background of this case, see ECF No. 155.

Skidmore ("Skidmore") filed a motion to dismiss. The plaintiff responded to both motions. United States Magistrate Judge David J. Joel then issued a report and recommendation recommending that defendant Markle's motion to dismiss be granted, and that defendants Skidmore and Stancoti's motion for summary judgment be granted. The plaintiff made objections to the report and recommendation.

Upon review of the report and recommendation, this Court affirmed and adopted in part and declined to affirm and adopt in part. First, this Court declined to adopt and affirm the magistrate judge's report and recommendation regarding defendant Markle. The magistrate judge in his report and recommendation found that the plaintiff did not exhaust his administrative remedies as is required by the Prisoner Litigation Reform Act ("PLRA") because he did not produce evidence showing he complied with the administrative grievance process provided by the West Virginia Regional Jail and Correctional Facility Authority. The plaintiff objected to this finding by providing this Court with grievances that he allegedly filed against defendant Markle. This Court reviewed this evidence de novo and found that although it could not be sure of the authenticity of the evidence, the evidence at least suggested that the plaintiff attempted to exhaust his administrative remedies. Further, this Court found that based on these grievances, defendant Markle was not entitled to qualified

immunity at that time.  Therefore, this Court denied defendant Markle's motion to dismiss.

Second, this Court affirmed and adopted the magistrate judge's report and recommendation regarding defendants Stancoti and Skidmore.  This Court found that Officers Stancoti and Skidmore were entitled to qualified immunity because the plaintiff failed to state a deprivation of a constitutional right.  This Court did review the plaintiff's objections; however, the objections did not alter this Court's determination and, therefore, this Court dismissed the complaint as to defendants Stancoti and Skidmore.

After this Court issued its rulings on the report and recommendation, the plaintiff filed various motions, including a motion for reconsideration and a motion to continue the trial. This Court denied the motion for reconsideration, granted the motion to continue the trial, and vacated generally the trial date. This Court then issued an amended scheduling order for defendant Markle, the only remaining defendant, and the plaintiff, which provided deadlines for discovery and dispositive motions.

The plaintiff first filed his motion for summary judgment arguing that no genuine issue of material fact exists concerning whether Markle entirely failed to acknowledge or respond to the grievances filed by plaintiff.  Defendant Markle responded, arguing that: (1) the plaintiff's interpretation of the facts of this case contains inaccuracies and/or misrepresentations and therefore his

motion for summary judgment based on such facts should be denied; and (2) the plaintiff's motion for summary judgment specifically describes questions of fact and, therefore, the motion should be denied.  The plaintiff did not file a reply.

Defendant Markle then filed his own motion for summary judgment.  Defendant Markle argues that summary judgment should be granted in his favor because: (1) the evidence or lack of evidence produced to date, clearly demonstrates that no claim is viable against defendant Markle in this matter; (2) the evidence demonstrates that defendant was not responsible for making inmate's housing decisions; and (3) even if defendant Markle was responsible for making housing decisions, he is immune from any liability which may have resulted therefrom.  The plaintiff responded by arguing that: (1) defendant Markle has not shown that there is no genuine issue of material fact; (2) defendant Markle's claim that no claim is viable against him is conclusory and there is a clear dispute as to the facts surrounding defendant Markle's deliberate indifference; (3) defendant Markle was responsible for responding to inmate grievances and his failure to do so resulted in plaintiff's injuries; and (4) defendant Markle is not entitled to immunity as he acted with deliberate indifference.  Defendant Markle replied and provided arguments in opposition to the plaintiff's contentions.

For the reasons stated below, this Court grants defendant Markle's motion for summary judgment and denies the plaintiff's motion for summary judgment.

## II.   Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The

inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. Discussion

Both the plaintiff and defendant Markle argue that no factual disputes exist that would prevent this Court from entering summary judgment in either of the parties' favor. Based on the plaintiff's

6

complaint, the plaintiff is asserting that defendant Markle is liable for the plaintiff's injuries because he was deliberately indifferent and failed to protect him from the other inmates, who defendant Markle knew were a danger to the plaintiff. Defendant Markle, however, argues that he was not deliberately indifferent and he is further entitled to qualified immunity for his actions.

Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate a clearly established constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As stated in this Court's prior denial of defendant Markle's motion to dismiss, it was clearly established at the time of the filing of the plaintiff's complaint that an inmate's constitutional rights could be violated if government officials allowed him to be kept in dangerous conditions of confinement. See Farmer, 511 U.S. at 833 (stating that the Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners).

However, to prove such a claim under the Eighth Amendment's cruel and unusual punishment clause, and thus under 42 U.S.C. § 1983, he must show that "he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with "'deliberate indifference' to inmate health

and safety.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).  In <u>Farmer</u>, the Supreme Court held that, while it left open the level at which the risk of harm to a prisoner becomes a "substantial risk of serious harm" (<u>Id.</u> at n.3), no prison official can be held liable for "deliberate indifference" to that risk unless he subjectively "knows of and disregards" it.  <u>Id.</u> at 837.  In order to possess this level of culpability, "the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  <u>Id.</u> "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." <u>Id.</u> at 838.

The plaintiff argues that Markle "must have known" about the danger to plaintiff and must have known about his many grievances. Therefore, the plaintiff states that defendant Markle was deliberately indifferent as a result of this knowledge and is not entitled to qualified immunity.  Based on the evidence in this case, there is no indication that Markle knew of the danger to the plaintiff or knew of the grievances.  In fact, as defendant Markle argues, the evidence actually indicates the opposite.

Assuming without deciding that the plaintiff actually filed the grievances he produced which were addressed to defendant

8

Markle, there is no evidence that defendant Markle actually received these grievances or had any knowledge of the plaintiff's concerns regarding the inmates who caused his injuries.   The grievances filed by the plaintiff that he allegedly addressed to defendant Markle request that based on altercations with certain inmates, he be moved from his housing pod.   See ECF No. 97 Exs. 2 and 3.   Based on defendant Markle's deposition, defendant Markle was not responsible for making prisoner's housing decisions.   These decisions, he stated, are made by shift supervisors or booking officers.   See ECF No. 181.   Therefore, defendant Markle would not have been the person to respond to these grievances, which indicates that he would not be knowledgeable about these alleged requests.

Further, it is suspect as to whether these grievances were actually filed at all because the remaining grievances filed by the plaintiff concerning his housing requests were addressed to various shift supervisors.   See ECF No. 180 Exs. 7-11.   This indicates that he knew who to address his housing requests to, which was not defendant Markle.   The plaintiff also indicated on his complaint that he had not filed grievances regarding the facts at issue in this case.   Both of these facts indicate that the plaintiff never filed these alleged grievances with defendant Markle. Therefore, based on this evidence that defendant Markle would not have had nor did he have knowledge of any risk of harm to the plaintiff, this

9

Court finds that there is no genuine issue of material fact concerning whether defendant Markle acted with deliberate indifference.  Thus, this Court must grant defendant Markle's motion for summary judgment as it finds that defendant Markle did not violate the plaintiff's constitutional right against cruel and unusual punishment and is therefore entitled to qualified immunity.

## IV. <u>Conclusion</u>

For the above stated reasons, defendant Shannon Markle's motion for summary judgment (ECF No. 173) is hereby GRANTED and the plaintiff's motion for summary judgment (ECF No. 168) is DENIED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      August 6, 2013


                                     /s/ Frederick P. Stamp, Jr.
                                     FREDERICK P. STAMP, JR.
                                     UNITED STATES DISTRICT JUDGE