IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

    Plaintiff,

v.  Civil Action No. 5:10CV106
  (STAMP)
SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI, OFFICER SKIDMORE
and JOHN DOE MEDICAL EMPLOYEE,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

#### I. Background

The plaintiff, Richard E. Kartman, filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia. The complaint names certain employees of the Central Regional Jail in Sutton, West Virginia as defendants and asserts multiple claims based on alleged violations of the plaintiff's Eighth Amendment rights. Specifically, the plaintiff claims that he was assaulted by other inmates at the Central Regional Jail and that the defendants were deliberately indifferent to a threat to his physical safety. The case was later transferred to this district.

Thereafter, defendant Shannon Markle ("Markle") filed a motion to dismiss and defendants Officer Stancoti ("Stancoti") and Officer Skidmore ("Skidmore") filed a motion to dismiss. The plaintiff responded to both motions. United States Magistrate Judge David J.

Joel then issued a report and recommendation recommending that defendant Markle's motion to dismiss be granted, and that defendants Skidmore and Stancoti's motion for summary judgment be granted.  The plaintiff made objections to the report and recommendation.

Upon review of the report and recommendation, this Court affirmed and adopted in part and declined to affirm and adopt in part.  First, this Court declined to adopt and affirm the magistrate judge's report and recommendation regarding defendant Markle.  The magistrate judge in his report and recommendation found that the plaintiff did not exhaust his administrative remedies as is required by the Prisoner Litigation Reform Act ("PLRA") because he did not produce evidence showing he complied with the administrative grievance process provided by the West Virginia Regional Jail and Correctional Facility Authority.  The plaintiff objected to this finding by providing this Court with grievances that he allegedly filed against defendant Markle.  This Court reviewed this evidence <u>de novo</u> and found that although it could not be sure of the authenticity of the evidence, the evidence at least suggested that the plaintiff attempted to exhaust his administrative remedies.  Further, this Court found that based on these grievances, defendant Markle was not entitled to qualified immunity at that time.  Therefore, this Court denied defendant Markle's motion to dismiss.

2

Second, this Court affirmed and adopted the magistrate judge's report and recommendation regarding defendants Stancoti and Skidmore. This Court found that Officers Stancoti and Skidmore were entitled to qualified immunity because the plaintiff failed to state a deprivation of a constitutional right. This Court did review the plaintiff's objections; however, the objections did not alter this Court's determination and, therefore, this Court dismissed the complaint as to defendants Stancoti and Skidmore.

After this Court issued its rulings on the report and recommendation, the plaintiff filed various motions, including a motion for reconsideration and a motion to continue the trial. This Court denied the motion for reconsideration, granted the motion to continue the trial, and vacated generally the trial date. This Court then issued an amended scheduling order for defendant Markle, the only remaining defendant, and the plaintiff, which provided deadlines for discovery and dispositive motions.

Both defendant Markle and the plaintiff filed motions for summary judgment. On August 6, 2013, this Court issued an opinion and order granting defendant Markle's motion for summary judgment and denying the plaintiff's motion for summary judgment. In granting defendant Markle's motion for summary judgment, this Court found that defendant Markle was not deliberately indifferent and as a result was entitled to qualified immunity for his actions.

The plaintiff thereafter filed motions for extensions of time to file a motion to alter or amend the judgment, stating that because he is no longer represented by counsel he needs additional time to file a motion to alter or amend the judgment. This Court granted the plaintiff's motions as framed and allowed the plaintiff until September 18, 2013 to file such a motion. On September 9, 2013, the plaintiff filed a motion to amend his complaint. For the reasons stated below, this Court denies the plaintiff's motion for leave to amend the complaint.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or

futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III. Discussion

In the plaintiff's motion to amend his complaint, he contends that an amendment of his complaint would help to clear up the perception that the plaintiff did not attempt to exhaust his administrative remedies. First, this Court notes that it did not base its findings on whether or not the plaintiff had filed the grievances that he claims to have filed. Even so, the plaintiff's motion to amend his complaint is untimely. "To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendants." Forstmann v. Culp, 114 F.R.D. 83, 87 (M.D. N.C. 1987) (citing Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982); and Kelsey v. Minnesota, 565 F.2d 503, 507 (8th Cir. 1977)).

While delay alone is generally not reason to deny leave to amend, delay does become fatal at some point by increasing the prejudice to the defendant or defendants. Id. at 88. In this matter, delay has become fatal, as defendant Markle filed a successful dispositive motion, which was not decided based on that which the plaintiff seeks to amend. As such, it would prejudice defendant Markle to be made to file another dispositive motion and

possibly participate in additional discovery as a result of plaintiff's untimely motion to amend. Therefore, this Court denies the plaintiff's motion to amend as untimely and prejudicial to defendant Markle.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to amend the complaint (ECF No. 203) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: September 10, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE