IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RICHARD E. KARTMAN,

       Plaintiff,

v.                                 Civil Action No. 5:10CV106
                                         (STAMP)

SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI, OFFICER SKIDMORE
and JOHN DOE MEDICAL EMPLOYEE,

       Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.  Background

The plaintiff, Richard E. Kartman, filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia. The complaint named certain employees of the Central Regional Jail in Sutton, West Virginia as defendants and asserts multiple claims based on alleged violations of the plaintiff's Eighth Amendment rights. Specifically, the plaintiff claims that he was assaulted by other inmates at the Central Regional Jail and that the defendants were deliberately indifferent to a threat to his physical safety. The case was later transferred to this district.

Thereafter, defendant Shannon Markle ("Markle") filed a motion to dismiss and defendants Officer Stancoti ("Stancoti") and Officer Skidmore ("Skidmore") filed a motion to dismiss. The plaintiff responded to both motions. United States Magistrate Judge David J.

Joel then issued a report and recommendation recommending that defendant Markle's motion to dismiss be granted, and that defendants Skidmore and Stancoti's motion for summary judgment be granted.   The plaintiff made objections to the report and recommendation.

Upon review of the report and recommendation, this Court affirmed and adopted in part and declined to affirm and adopt in part.   First, this Court declined to adopt and affirm the magistrate judge's report and recommendation regarding defendant Markle.   The magistrate judge in his report and recommendation found that the plaintiff did not exhaust his administrative remedies as is required by the Prisoner Litigation Reform Act ("PLRA") because he did not produce evidence showing he complied with the administrative grievance process provided by the West Virginia Regional Jail and Correctional Facility Authority.   The plaintiff objected to this finding by providing this Court with grievances that he allegedly filed against defendant Markle.   This Court reviewed this evidence de novo and found that although it could not be sure of the authenticity of the evidence, the evidence at least suggested that the plaintiff attempted to exhaust his administrative remedies.   Further, this Court found that based on these grievances, defendant Markle was not entitled to qualified immunity at that time.   Therefore, this Court denied defendant Markle's motion to dismiss.

Second, this Court affirmed and adopted the magistrate judge's report and recommendation regarding defendants Stancoti and Skidmore.  This Court found that Officers Stancoti and Skidmore were entitled to qualified immunity because the plaintiff failed to state a deprivation of a constitutional right.  This Court did review the plaintiff's objections; however, the objections did not alter this Court's determination and, therefore, this Court dismissed the complaint as to defendants Stancoti and Skidmore.

Thereafter, the plaintiff and defendant Markle filed motions for summary judgment, which were fully briefed.  After reviewing the briefs, this Court denied plaintiff's motion for summary judgment and granted defendant Markle's motion for summary judgment.  In granting defendant Markle's motion for summary judgment, this Court found that the defendant Markle had not acted with deliberate indifference and was, therefore, entitled to qualified immunity for his alleged inaction.

The plaintiff then filed a motion for reconsideration and to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]  The plaintiff argues that this Court's opinion

---

[1]This Court notes that while plaintiff was represented by an attorney who is a member of the West Virginia State Bar during a portion of the proceedings in this case, that attorney sought and obtained permission to withdraw as counsel (ECF No. 193) following the entry of this Court's memorandum opinion and order (ECF No. 188) granting defendant Markle's motion for summary judgment and denying plaintiff's motion for summary judgment.  The plaintiff then indicated in his motion requesting this Court to reconsider and alter or amend the judgment (ECF No. 211) that he is proceeding

granting defendant Markle's motion for summary judgment should be altered or amended to prevent manifest injustice because the grounds for such opinion are based on one or more mistakes and it is in clear error of the law.   This Court ordered defendant Markle to respond and he complied with such order.   In his response, defendant Markle argues that the plaintiff has failed to show any manifest error of law involved in this Court's opinion and as such, this Court should deny the plaintiff's motion for reconsideration. Defendant Markle also argues that because the plaintiff failed to timely file his motion, his motion should be denied.[2]   The plaintiff then filed a reply, and thus, the motion is now fully briefed and ripe of disposition.

---

pro se (i.e. without the assistance of counsel).

Attention is called to L.E.O. 2010-01 entitled "Ghostwriting or Undisclosed Representation: What is Permissible and What is Not Permissible" issued on November 8, 2010, by the West Virginia State Bar Lawyer Disciplinary Board.   In that opinion the Board states that disclosure of representation is required whenever he or she prepares any pleading or other document (with certain exceptions not present here) to be filed with a court or tribunal.   That disclosure must include the attorney bar number and other "necessary contact information."   The attorney may also state his or her representation is limited and describe the limitation.   Any attorney who prepared either the motion for reconsideration or the reply to such motion for the plaintiff shall immediately comply with L.E.O. 2010-01 by notice to this Court, which makes the required disclosure.

[2]As this Court indicates in the conclusion of this opinion, this Court is considering the plaintiff's motion on the merits and is granting the plaintiff's outstanding motions for extensions to file his motion and reply.

## II.  Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Relief granted under a Rule 59(e) motion is an extraordinary remedy and should be used sparingly. Id. Moreover, a Rule 59(e) motion is improper where a litigant seeks merely to re-litigate old matters; to present evidence or raise arguments which could have been brought to the court's attention before the judgment was issued; or to assert a novel legal theory that the litigant could have addressed in the first instance. Id. It is improper to use a Rule 59(e) motion "to ask the court to rethink what the court has already thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III.  Discussion

The plaintiff is not arguing that there is new evidence or a change in the controlling law that would allow this Court to reconsider its earlier findings. Instead, the plaintiff argues that this Court should reconsider its prior findings to prevent a manifest error of law. Specifically, the plaintiff argues that this Court overlooked the evidence available to it that supports

and establishes that the plaintiff properly submitted grievances

and improperly weighed the evidence that it did consider.   The

plaintiff asserts that based on the evidence available to this

Court, an inference can be made by a jury that defendant Markle did

receive the letters and that defendant Markle's denials of not

receiving such letters are not credible.   Thus, the plaintiff

asserts that this matter should have been presented to a jury to

allow a jury to determine the proper weight to be given to all of

the available evidence.

In it memorandum opinion and order granting defendant Markle's

motion for summary judgment, this Court stated as follows:

> Based on the evidence in this case, there is no
> indication that Markle knew of the danger to the
> plaintiff or knew of the grievances.   In fact, as
> defendant Markle argues, the evidence actually indicates
> the opposite . . . .   Assuming without deciding that the
> plaintiff actually filed the grievances he produced which
> were addressed to defendant Markle, there is no evidence
> that defendant Markle actually received these grievances
> or had any knowledge of the plaintiff's concerns
> regarding the inmates who caused his injuries.

ECF No. 202.  As evidenced by these statements, this Court examined

the evidence provided to it.   This Court previously made the

determination that defendant Markle is entitled to qualified

immunity because the evidence showed that he did not act with

deliberate indifference. The plaintiff's motion to reconsider only

recasts previous arguments regarding the available evidence and

asks this Court essentially "to rethink what the court has already

thought through."   As the plaintiff has not shown that this Court

has made any manifest error of law or fact or that the plaintiff has any newly discovered evidence, the plaintiff's motion to reconsider must be denied.

IV.   <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to reconsider this Court's August 16, 2013 memorandum opinion and order (ECF No. 211) is DENIED.  Further, this Court notes that the plaintiff filed numerous motions for extensions of time to file his motion for reconsideration and his reply in support of such motion. While this Court granted most of these motions and provided the plaintiff with additional time, some motions remain outstanding. As this Court considered both the plaintiff's motion for reconsideration and his reply in support, this Court deems such motions timely filed.  Therefore, the motions for extensions of time that are currently pending (ECF Nos. 202, 207, and 218) are hereby GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     January 30, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

7