IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

    Plaintiff,

v.                                            Civil Action No. 5:10CV106
                                                       (STAMP)
SHANNON MARKLE, OFFICER LONG,
OFFICER STANCOTI, OFFICER SKIDMORE
and JOHN DOE MEDICAL EMPLOYEE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' FOURTH MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

For purposes of this memorandum opinion and order, only the most relevant procedural history and facts are presented.[1] On October 4, 2010, the previously pro se[2] plaintiff filed a civil rights complaint pursuant to § 1983 alleging that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his physical safety. Specifically, he asserts that inmates at Central Regional Jail assaulted the plaintiff on two separate instances, one in October and the other in November, and that the defendants failed to intervene. As a result of those

---

[1]For a more thorough background of this civil action, see ECF Nos. 155 and 188.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

assaults, the plaintiff alleges that he suffered injuries and was denied certain medical attention.  Finally, the plaintiff later claims, though not in his complaint, that he filed grievances with both staff and defendant Shannon Markle ("Markle") in particular, indicating that prison officials were aware of the impending harm and yet failed to intervene.

After the plaintiff filed his complaint, defendant Markle filed a motion to dismiss and defendants Officer Skidmore ("Skidmore") and Officer Stancoti ("Stancoti") filed a motion for summary judgment.  In assessing those motions, the magistrate judge's report and recommendation recommended that this Court grant the defendants' motions and also dismiss the claims against defendants Officer Long ("Long") and John Doe with prejudice. After reviewing the record at that time, this Court denied defendant Markle's motion to dismiss and granted defendants Skidmore and Stancoti's motion under qualified immunity grounds. ECF No. 98.  Further, this Court dismissed the claims against defendants Long and John Doe.  Therefore, following that ruling, which occurred on March 13, 2012, only defendant Markle remained a defendant in the civil action.  Later, both the plaintiff and defendant Markle filed motions for summary judgment. ECF Nos. 168 and 173, respectively.  This Court granted defendant Markle's motion for summary judgment.  ECF No. 188.

The plaintiff appealed the following judgments:[3] (1) the dismissal of all defendants except defendant Markle (ECF No. 98); (2) the denial of his motion for reconsideration (ECF No. 155); and (3) the granting of defendant Markle's motion for summary judgment (ECF No. 188). In a per curiam decision, the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") affirmed this Court's decision regarding the following: (1) granting defendant Stancoti's motion for summary judgment regarding the October incident, and (2) granting defendant Skidmore's motion for summary judgment. ECF No. 231. The Fourth Circuit, however, vacated and remanded this Court's judgments on several matters. First, the Court found error in granting defendant Stancoti's motion for summary judgment regarding the November incident. The plaintiff alleged that during the November incident, defendant Stancoti smiled and watched the plaintiff be assaulted and stated that he wanted to "see how [the plaintiff] could fight." This Court did not specifically address this claim in its opinion (ECF No. 98). Because of that, the Fourth Circuit vacated that portion of the judgment regarding the November incident as to defendant Stancoti. Second, the Fourth Circuit found error in this Court's granting of summary judgment for defendant Markle, finding that material issues of fact still remained. ECF No. 188. Accordingly,

---

[3]On appeal, the plaintiff only pursued his claims against defendants Skidmore, Stancoti, and Markle, but not defendants Long or Doe.

the Fourth Circuit remanded this civil action for further proceedings. Therefore, following the Fourth Circuit's mandate, the only remaining claims were (1) those against defendant Shannon Markle, and (2) those against Officer Stancoti as to the November incident.

After receiving that mandate, this Court conducted a status and scheduling conference and later appointed counsel for the plaintiff. ECF Nos. 234 and 241, respectively.

At issue now is the fourth motion for summary judgment of defendants Markle and Stancoti (hereafter, "the defendants"). ECF No. 268. In that motion, the defendants first note that, regarding defendant Stancoti, the Fourth Circuit only vacated and remanded the judgment regarding the November incident. With that in mind, the defendants first argue that the claims against defendant Stancoti should be dismissed as a matter of law. In particular, they assert that the plaintiff provides no evidence indicating that defendant Stancoti delayed intervening in the November incident. Further, the defendants claim that defendant Stancoti, as a corrections officer, is entitled to qualified immunity. Next, concerning defendant Markle, the defendants point out that the Fourth Circuit found that issues of material fact existed about whether defendant Markle received the plaintiff's grievances and complaints pertaining to the plaintiff's safety. Despite that, the defendants argue that "the danger plaintiff allegedly felt was not

4

the same danger that resulted in the subject altercations." ECF No. 269. Here, they claim that no evidence exists to show that the plaintiff was in danger. Further, they assert that even if the plaintiff experienced apprehension, no evidence exists to show that the plaintiff's alleged fear was related or connected to the October and November incidents. In addition to that lack of connection, the defendants believe that the plaintiff voluntarily interjected himself into those altercations. Because of that, and because no genuine issues of material fact exist, the defendants request that this Court grant their motion for summary judgment.

The plaintiff then filed a response in opposition. ECF No. 279. Regarding defendant Stancoti, the plaintiff claims that issues of material fact exist concerning the November incident. Here, the plaintiff points to the facts that (1) defendant Stancoti allegedly knew of 20 inmates who planned on assaulting the plaintiff, and (2) whether defendant Stancoti acted reasonably is a question for the jury. Concerning defendant Markle, the plaintiff asserts that the defendants are mischaracterizing the issue. Here, he claims that the issue is not about the plaintiff's conduct, referring to his fear and alleged interjection into the fight, but rather the deliberate indifference of defendant Markle when he allegedly received the plaintiff's grievances. For those reasons, the plaintiff argues that this Court should deny the

defendants' motion for summary judgment.  The defendants did not file a reply.

For the reasons set forth below, the defendants' motion is granted in part and denied in part.

## II. Facts

On October 2, 2008, the plaintiff was involved in an altercation with two inmates ("October incident").  Prior to the October incident, the plaintiff allegedly submitted grievances to defendant Markle regarding threats that the plaintiff claims he received from other inmates, although the parties dispute whether defendant Markle actually received those grievances.  Defendant Markle is the Central Regional Jail Administrator, and allegedly took no preventative action despite receiving the plaintiff's grievances.  During the October incident, the plaintiff claims that defendant Stancoti, despite witnessing the aggressor-inmate "pacing" for 20 minutes, did not sufficiently attempt to prevent the altercation or end it.  As a result of the October incident, the plaintiff suffered from abrasions and minor lacerations.  ECF No. 279 Ex. 6.  Further, the prison officials created a list of 17 "Keep Away" inmates regarding the plaintiff.  The plaintiff later alleges that he filed a grievance on November 2, 2008, indicating his desire to place two more inmates on his "Keep Away" list.  Id. Ex. 9.

Three days later, a physical altercation arose between the plaintiff and those two inmates ("November incident"). The plaintiff claims that defendant Stancoti again stood by and witnessed the November incident occur without intervening for a significant amount of time. ECF No. 2. After that incident, the plaintiff filed his civil rights complaint pursuant to § 1983 alleging that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his physical safety. Specifically, the plaintiff claims defendant Markle, despite allegedly receiving his grievances, took insufficient preventative action regarding his safety. Further, the plaintiff claims that defendant Stancoti, regarding the November incident, watched as the inmates assaulted him for an extensive period of time before acting.

### III. Applicable Law

As this Court has previously stated, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the

nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the Supreme Court of the United States noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

8

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

## IV. Discussion

A. Officer Stancoti

As stated earlier, defendant Stancoti argues that qualified immunity should apply regarding the November incident. The plaintiff, however, argues that because a jury could deem defendant Stancoti's conduct as deliberate indifference, genuine issues of material fact exist. Because of that, the plaintiff argues that this Court should deny the defendants' motion.

An action under § 1983 allows a plaintiff to recover when he or she is denied a federal civil right by someone acting "under color of state law." Mensh v. Dyer, 956 F.2d 36, 39 (4th Cir. 1991). If a violation of a federal right occurs, a government official may be entitled to some form of immunity, either absolute or qualified, from suits for damages. Harlow v. Fitzgerald, 457

9

U.S. 800, 807 (1982). For most government officials, such as the defendants in this civil action, qualified immunity may apply. Id. (providing that absolute immunity is reserved for high-level officials, such as presidents, legislators or judges).

Qualified immunity "is an affirmative defense that must be pleaded by a defendant official." Harlow, 457 U.S. at 815 (citing Gomez v. Toledo, 446 U.S. 635 (1980)). It should be noted, however, that qualified immunity serves as "'an immunity from suit rather than a mere defense to liability.'" Pearson v. Callahan, 555 U.S. 223, 232 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted).

Under Saucier v. Katz, 533 U.S. 194, 201 (2001), analysis of a qualified immunity defense requires a two-part inquiry. The first question is whether the facts alleged, when viewed in the light most favorable to the injured party, "show the officer's conduct violated a constitutional right." Id. If the facts alleged fail to make this showing, the inquiry is at an end, and the official is entitled to dismissal of the claims against him.

Id. If, however, the facts alleged do show a constitutional injury, the second question is whether the constitutional right was clearly established at the time of the violation. Id. Qualified immunity is abrogated only upon a showing that the officer's conduct violated a constitutional right and that such right was clearly established at the time the conduct occurred. Id.; but see Pearson, 555 U.S. at 236 (permitting courts to "exercise their sound discretion in deciding which of the two prongs" of analysis "should be addressed first in light of the circumstances.").

Applying the facts to the law discussed above, qualified immunity should apply to defendant Stancoti regarding his actions during the November incident. The plaintiff alleges that defendant Stancoti waited a significant amount of time near the cell door before intervening in the November incident. That delay, according to the plaintiff, amounted to deliberate indifference regarding his physical safety. The record shows, however, that defendant Stancoti entered within several seconds after the altercation occurred. See ECF No. 269 Ex. L. Further, any delay that may have occurred appears to be the result of how the doors open rather than any indifference by defendant Stancoti. Id. The facts, when viewed in favor of the injured party, fail to show that defendant Stancoti's conduct violated a constitutional right of the plaintiff. Because of that, qualified immunity is not abrogated as to defendant Stancoti. Accordingly, defendant Stancoti is

11

"entitled to the dismissal of the claims against him." Saucier, 533 U.S. at 201.

B. Shannon Markle

As stated earlier, the Fourth Circuit provided that genuine issues of material fact remained as to the plaintiff's claims concerning defendant Markle. In particular, the plaintiff argues that he submitted several grievances throughout October and November 2008 to defendant Markle. In those grievances, the plaintiff claims he indicated that a substantial risk of harm by other inmates existed. Through those grievances, defendant Markle and the prison staff should have been aware of, and attempted to prevent, the altercations. The issue then is "whether Plaintiff filed the disputed grievances and letters and, if so, whether [defendant] Markle either received them or was willfully blind to their existence." ECF No. 231. As to that issue, defendant Markle states that "[a]ny issue of whether plaintiff sent a grievance or whether Mr. Markle received a grievance, has no effect on the fact that plaintiff was not 'assaulted' but rather he admittedly interjected himself into these situations voluntarily," pointing to certain statements made by the plaintiff. ECF No. 269.

As the Court stated in Pressly v. Hutto, "The eighth amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate indifference or callous indifference of prison officials to specific known risks of

12

such harm, just as it protects against harm resulting from deliberate indifference of prison officials to serious medical needs." 816 F.2d 977 (4th Cir. 1987) (internal citations omitted) (reversing and remanding in part the granting of summary judgment when prison officials may or may not have been aware of an inmate's warnings of specific future harm); see Bowen v. Machester, 966 F.2d 13, 17 (1st Cir. 1992). Also, as stated earlier, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Based on the filings and evidence provided by the parties, it is clear that genuine issues of material fact exist as to the claims against defendant Markle. On the one hand, if defendant Markle did not receive the grievances that the plaintiff claims he filed, and thus had no actual knowledge of the threats and risks to the plaintiff's safety, then perhaps a trier of fact could find for defendant Markle. On the other hand, if defendant Markle either received and had actual knowledge of the plaintiff's concerns in his grievances, or displayed willful blindness to those concerns of an elevated risk, then perhaps a trier of fact could find for the plaintiff. In his response in opposition, the plaintiff provides copies of the grievances he allegedly submitted. ECF No. 279 Ex.

13

9.  However, facts before this Court do not clearly show that defendant Markle, as Administrator of the Central Regional Jail, actually received and reviewed those grievances. Therefore, it is unclear whether defendant Markle was in possession of or was aware of those documents and the warnings contained therein. The fact of defendant Markle's receipt of those grievances and knowledge of the elevated risks that the plaintiff encountered clearly raise genuine issues of fact. Therefore, because genuine issues of material fact remain, the defendants' motion for summary judgment as to defendant Markle must be denied.

V.  Conclusion

For the reasons set forth above, the defendants' fourth motion for summary judgment is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 23, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE