IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. KARTMAN,

    Plaintiff,

v.                              Civil Action No. 5:10CV106
                                              (STAMP)
SHANNON MARKLE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 37(c)**

I. Background

Pending before this Court is the plaintiff's motion for sanctions against the defendant, which is filed pursuant to Rule 37(c) of the Federal Rules of Civil Procedure ("Rule 37(c)").[1] ECF No. 345. Previously, this Court conducted a supplemental pretrial conference on July 27, 2015, which was the day before the commencement of the trial in this civil action. At that conference, counsel for the defendant proffered several "offender non-association lists," which the parties refer to as "keep-away lists." The complete keep-away lists allegedly were not provided to either counsel for the plaintiff or this Court, and were supplied in their entirety for the first time at the supplemental pretrial conference. In light of the tardiness in disclosing such evidence, this Court limited the admissibility of the keep-away

---

[1]For a more thorough background of this civil action, see ECF Nos. 155, 188, and 314.

lists.  The plaintiff then filed the current motion for sanctions, wherein he argues that the defendant "had been withholding additional keep-aways and/or information regarding additional keep-aways for nearly five years when Defendant produced complete keep-away lists for the first time."  ECF No. 345.  Because counsel for the defendant allegedly failed to timely disclose such evidence, the plaintiff requested that this Court impose a default judgment against the defendant.  In the alternative, the plaintiff requested that this Court (1) provide a limiting instruction to the jury regarding the keep-away lists, (2) prohibit testimony of those lists, and (3) award reasonable attorney's fees and expenses to the plaintiff.

The defendant then filed both a response to the plaintiff's motion and a cross-motion for sanctions.  ECF No. 350.  As to the plaintiff's motion, the defendant asserts that the keep-away lists were immaterial to the primary issues in this civil action.  Further, the defendant contends that those lists were subject to neither a document request by the plaintiff nor a court order compelling their production.  Because no evidence of sanctionable conduct exists by the defendant, and because this Court already limited the admissibility of the keep-away lists, the defendant believes that the plaintiff's motion should be denied as moot.  As to the defendant's cross-motion for sanctions, the defendant later withdrew his motion.  ECF No. 368.

In addition, the plaintiff, who is now proceeding pro se[2], filed a reply. ECF No. 372. Previously, this Court granted counsel for the plaintiff's motion to withdraw as counsel for the plaintiff at a hearing on that motion. ECF Nos. 368 and 364, respectively. Further, this Court extended the time in which the plaintiff, who is now proceeding pro se, could file a reply to his motion for sanctions. In that reply, the plaintiff argues that the keep-away lists were part of specific discovery requests that the defendant disregarded. The plaintiff then asserts that his current reply has been timely filed, and that the defendant's conduct regarding the keep-away lists amounts to sanctionable conduct.

For the reasons set forth below, the plaintiff's motion is denied.

## II. Applicable Law

Rule 37 generally authorizes a party to move for an "order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The purpose of that rule is to prevent surprise and prejudice to an opposing party. See Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992). More specifically, Rule 37(c)(1) states that "[i]f a party fails to provide information . . . as required by Rule 26(a) [of the Federal Rules of Civil Procedure] or (3), the party is not allowed to use that information . . . on a motion, at

---

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

a hearing, or at a trial unless the failure was substantially justified or is harmless." In addition to prohibiting the use of such information, the court may impose further sanctions, including but not limited to the "payment of reasonable expenses, including attorney's fees caused by the failure" and "rendering a default judgment against the disobedient party." See id. at (b)(2)(A)(i)-(vi); (c)(1)(A)-(C).

In determining whether a failure to disclose information was substantially justified or harmless, the United States Court of Appeals for the Fourth Circuit has found that a district court possesses "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of Rule 37(c)(1) exclusion analysis." S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). However, "[Rule 37(c)] does not require a finding of bad faith or callous disregard of the discovery rules" before a court may limit or exclude such information. As to additional sanctions, district courts in the Fourth Circuit must use a four-part test for determining what sanctions should be imposed, if any, under Rule 37(c). "The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Foundation for

4

Advancement, Educ. and Employment of American Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Although a district court has the discretion and authority "to impose a default sanction for insufficient compliance with a discovery order" or procedure, that district court should "[warn] a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Intern. Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). Indeed, a district court's discretion and authority to impose a default sanction in the context of Rule 37(c) "is not . . . a discretion without bounds or limits," and is more narrow. Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977). As the Fourth Circuit stated in Wilson, "the sanction of a default judgment . . . represents an infringement upon a party's right to trial by jury under the [S]eventh [A]mendment and runs counter to sound public policy of deciding cases on their merits and against depriving a party of his fair day in court." Id. at 503-04 (internal citations and quotations omitted). Based on those considerations, "the exercise of the power should be confined to the flagrant case in which it is demonstrated that the failure to produce materially affects the substantial rights of the adverse party and is prejudicial to the presentation of his case." Id. at 504 (internal citations and quotations omitted). Finally, as to attorney's fees and expenses, "Rule 37 supports only the reimbursement of fees resulting from the discovery violation."

Maynard v. Nygren, 332 F.3d 462, 471 (7th Cir. 2003) (citing Fed. R. Civ. P. 37(c)(1) (allowing courts to require "payment of reasonable expenses, including attorney's fees, caused by the failure") (emphasis added))).

## III. Discussion

As stated earlier, the plaintiff seeks sanctions against the defendant for failing to disclose the allegedly complete keep-away lists. The plaintiff requests that this Court impose a default judgment against the defendant. In the alternative, the plaintiff desires that this Court limit the admissibility of certain keep-away lists to those that were previously provided during discovery, instruct the jury as such, and award the plaintiff reasonable expenses including attorney's fees.

The sanctions that the plaintiff requests all fall within the discretion and authority possessed by this Court, pursuant to Rule 37. However, based on the case law discussed above, an entry of default judgment is unwarranted. An entry of default judgment under Rule 37(c) is reserved for parties that display "flagrant bad faith and callous disregard" of the party's discovery obligations. Wilson, 561 F.2d at 504. Here, it is unclear why the keep-away lists were not produced earlier during discovery. Although the plaintiff alleges that counsel for the defendant acted in bad faith, no evidence exists to explicitly justify that allegation. Even though this Court may impose sanctions under Rule 37(c)

without a finding of bad faith, the failure to produce the keep-away lists does not warrant such a severe sanction as default judgment. Neither the current incident at issue nor the record before the Court demonstrates a history of flagrant bad faith by the defendant regarding discovery. See, e.g., Anderson, 155 F.3d at 500. Even if instances of repeated bad faith existed, the defendant never received a fair warning "about the possibility of default before entering such a harsh sanction." Hathcock, 53 F.3d at 40.

In addition to the lack of notice to the defendant, the factors under Anderson dissuade this Court from imposing a default judgment. First, it is unclear if the defendant acted in bad faith. Second, the amount of prejudice caused by the noncompliance of the defendant was insignificant. Although the parties believed that only a certain amount of keep-away lists existed or were relevant, this Court sufficiently excluded the use of the newly provided keep-away lists. More specifically, this Court not only excluded their use, but also informed counsel of its willingness to provide a limiting instruction to the jury if needed. Third, although parties should comply with discovery under Rule 26, counsel for the defendant did not, for example, violate a specific order of this Court as to providing those keep-away lists. Therefore, the sanction already imposed by this Court, which were excluding the use of those keep-away lists, is sufficient to deter

future noncompliance.  Fourth, less effective sanctions, such as exclusion, are arguably more effective than imposing a default judgment against the defendant.  It should also be noted that the failure to produce the keep-away lists did not "materially affect[] the substantial rights" of the plaintiff or prove unduly prejudicial to presenting his case.  <u>Wilson</u>, 561 F.2d at 504. Those newly disclosed keep-away lists were not material to the issues of this civil action, which were whether the plaintiff filed grievances, whether the defendant received those grievances, and whether the defendant was deliberately indifferent to the plaintiff's safety despite receiving those grievances.  <u>See</u> ECF No. 231.  For those reasons, the plaintiff's request for a sanction of default judgment against the defendant cannot be granted.

The same applies to the plaintiff's desire for alternative sanctions.  As already discussed above, this Court excluded the use of the newly disclosed keep-away lists.  Regarding the plaintiff's request for attorney's fees and expenses, this Court finds that such a request is also unwarranted.  Rule 37 permits a district court to award attorney's fees and expenses, with or without a finding of bad faith or willful misconduct.  <u>See, e.g.</u>, <u>Devaney v. Continental Am. Ins. Co.</u>, 989 F.2d 1154, 1162 (11th Cir. 1993); <u>Merrit v. Int'l Bhd. of Boilermakers</u>, 649 F.2d 1013, 1018-19 (5th Cir. 1981); <u>Green v. Baca</u>, 225 F.R.D. 612, 614 (C.D. Cal. 2005); <u>LeGrande v. Adecco</u>, 233 F.R.D. 253 (N.D.N.Y. 2005); <u>Boulos v. Cato</u>,

1988 WL 70292, at *2 (S.D.N.Y. June 30, 1988). However, awarding such fees and expenses often occurs in situations where a party repeatedly defies discovery orders by a court or discovery requests by a party. See, e.g., Comiskey v. JFTJ Corp., 989 F.2d 1007, 1011-1012 (8th Cir. 1993); Tourmaline Partners, LLC v. Monaco, 2014 WL 4810253, at *8 (D. Conn. Sept. 23, 2014); Russo v. Network Solutions, Inc., 2008 WL 114908, at *1 (N.D. Cal. Jan. 10, 2008); Monaghan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 86 (S.D.N.Y. 1994). Furthermore, Rule 37(c)(1) "supports only the reimbursement of fees resulting from the discovery violation." Maynard, 332 F.3d at 471. As the Court in Maynard pointed out, the reasonable expenses discussed under Rule 37(c)(1) must be incurred because of the discovery violation. Id. ("As long as the suit as a whole is not frivolous, . . . the remaining attorney's fees would have been incurred even without the discovery violation; thus, the causality requirement was not met."). Moreover, Rule 37(c) provides that even if a party fails to properly provide information under Rule 26(a), sanctions may be avoided where that failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As to determining whether a violation of Rule 26(a) is harmless, the district court "is entrusted . . . with broad discretion." Hirpa v. IHC Hospitals, Inc., 50 F. App'x 928, 932 (10th Cir. 2002) (citing Woodworker's Supply, Inc. v. Principal

Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)) (internal quotations omitted).

Regarding the plaintiff's request for attorney's fees and expenses under Rule 37, the Court is not inclined to grant such a request for several reasons. First, neither the plaintiff nor the record shows that the defendant acted in bad faith. Further, the record does not reflect a repeated disregard of discovery orders or requests, such that a sanction of attorney's fees and costs should be imposed. Second, the nature of the error is arguably harmless. The issues in this civil action did not primarily revolve around whether certain keep-away lists existed. Therefore, in light of the issues and the record, the failure of the defendant to produce the remaining keep-away lists, though troublesome, was probably harmless. Third, lesser sanctions are available, and have been imposed at the supplemental pretrial conference, which sufficiently addressed the issue. As indicated earlier, this Court excluded those keep-away lists, and offered to provide an additional limiting jury instruction if those keep-away lists were inadvertently offered or admitted. Therefore, excluding the subject evidence amounted to a sufficient sanction against the defendant for failing to disclose the remaining keep-away lists. Thus, in light of the law and record discussed above, the plaintiff's motion for sanctions under Rule 37 is denied.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion for sanctions (ECF No. 345) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order by certified mail to the pro se plaintiff, to counsel of record herein, and to the plaintiff's former counsel of record, Katherine N. Dean, Bradley K. Shafer, and P. Joseph Craycraft of the firm of Swartz Campbell LLC.

DATED:   August 28, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE